IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LINCOLN COUNTY, MISSISSIPPI**                                                  **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO. 5:25-cv-00019-DCB-LGI**

**ARROW DISPOSAL SERVICE, INC. and
UNKNOWN JOHN DOE DEFENDANTS
ONE through TEN**                                                                **DEFENDANTS**

**PLAINTIFF'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Lincoln County, Mississippi, plaintiff herein, by and through undersigned counsel, and files this, its Memorandum of Authorities in Support of Response in Opposition to Defendant's Motion for Summary Judgment, and in support thereof would show unto the Court the following:

### Introduction

The parties' disputes before this Court arise from a contract for Defendant Arrow Disposal Service, Inc. (hereinafter "*ADSI*") to collect and dispose of solid waste for the citizens of Lincoln County, Mississippi (hereinafter "*the County*"), and focus primarily upon ADSI's performance of its obligations during the final five (5) to six (6) weeks of the contractual relationship. Although the services provided by the defendant to the County had been very poor for more than a year before termination of the contract, it was at the very end of the contractual relationship that the County sustained the most injury. The contract was set to end on September 30, 2024. Beginning around the last week of August, 2024, ADSI wholly abandoned its responsibilities to the people of the County, failing to pick up household trash and simply leaving more than four hundred (400) of its garbage carts on Lincoln County's roadways.

1

As a result, the County exercised its rights under the terms of contract to collect and dispose of solid waste not picked up by ADSI itself, and to charge back the costs incurred in these remedial actions to the defendant at a rate of three (3) times the actual expense.

ADSI now comes to the Court alleging that the County was not entitled to withhold payment because it claims the plaintiff did not give it adequate notice of its deficiencies and an opportunity to cure them. The County will demonstrate, however, that ADSI amended the notice requirements of the contract and that the plaintiff complied with those revised requirements.

The original terms of the contract called for the County to provide written notice of deficiencies in service to ADSI through Mr. Richard Urrutia, giving the company fifteen (15) days to cure the problem. However, recognizing the impracticality of reporting the details of missed garbage pickup and disposal by mail and the impossibility of allowing household garbage to remain uncollected on the roads of the County for fifteen (15) days, Mr. Urrutia established a workable reporting protocol, directing the County supervisors to contact his subordinates directly by telephone, electronic mail or text messaging.

After receiving written notice of deficiencies in service on or about November 30, 2023, on December 18, 2023 and March 4, 2024, Mr. Urrutia, then chief executive officer (CEO) of ADSI, advised the County that the supervisors and other officials should report all complaints of missed or incomplete service to Charles Lungren or Jimmy Moore, and later Joe Honea, ADSI's local representatives. Please refer to paragraphs 13 through 16 of the plaintiff's verified complaint, a true and correct copy of which pleading is attached hereto as Exhibit "*A*" and incorporated herein by reference, and the affidavits of Keith Lewis, District Two supervisor and president of the Lincoln County Board of Supervisors, Reverend Jerry Wilson, District One supervisor, John D. Hart, District Three supervisor, Eli Ferguson, District Four supervisor, Doug Falvey, District Five

supervisor, Alisha McGehee, Chancery Clerk and secretary of the Lincoln County Board of Supervisors, Blake Pickering, Tax Assessor and Collector of Lincoln County, and Daniel Calcote, County Administrator of Lincoln County attached hereto as Composite Exhibit "*B*" and incorporated herein by reference.

ADSI's modification of the reporting procedures of the contract on March 4, 2024, acted as a waiver of the defendant's rights to demand notice by certified mail with a fifteen (15) day window to address failures in service. Moreover, the County relied upon the change in protocol.

But even should the Court find that the notice provisions of the contract were not amended on March 4, 2024, the plaintiff will show that on November 30, 2023, ADSI was given written notice of its failure to perform its obligations and that despite repeated communications over the course of more than ten (10) months, the defendant failed to cure its deficiencies, as shown by a true and correct copy of correspondence sent to Mr. Urrutia on September 30, 2023, attached hereto as Exhibit "*C*" and incorporated herein by reference.

Whether the notice requirements of the contract were amended and whether the original or amended provisions of the instrument were satisfied constitute genuine disputes of material fact that do not lend themselves to summary judgment as matter of law.

Discovery, to include depositions of ADSI's local representatives, will show that the County provided daily notice to the defendant of inadequate service on an almost daily basis beginning in the spring of 2024, and that by August of 2024, ADSI was provided notice of substandard performance several times every day through to the end of the contact period.

## Undisputed Facts

ADSI provided solid waste collection and disposal services for the residents of Lincoln County under a contract executed on July 18, 2018, that finally terminated on September 30, 2024.

A true and correct copy of the parties' contract is attached hereto as Exhibit "*C*" and incorporated herein by reference.

On September 30, 2024, ADSI submitted its final invoice requesting payment in the amount of $151,727.25 for services allegedly rendered during the month of September 2024, and the County, utilizing the formula created by ADSI, paid $32,071.05 – made payment withholding $119,656.20 in compensation for performing the defendant's waste collection and disposal responsibilities during the final month of service.

## Standard of Review

Summary Judgment is not authorized by the Federal Rules of Civil Procedure when there exists a genuine issue of material fact. This Court must examine the issues in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255 (1986). Review of the district court's grant of summary judgment is de novo. *Keelan v. Majesco Software*, *Inc*., 407 F.3d 332, 338 (5th Cir. 2005).

Summary judgment is proper when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. "The party moving for summary judgment must `demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The court must draw all justifiable inferences in favor of the nonmovant.

In the case presently before the Court, the plaintiff has presented a genuine issue of material fact as to whether ADSI was given notice of its failure to perform its contractual obligations . As such, ADSI's Motion for Summary Judgment should be denied.

## Offers of Proof

In response to the defendant's motion for summary judgment, the plaintiff hereby incorporates by reference and re-alleges all information and proof submitted to the Court in its response to the defendants' motion, as if fully reproduced herein, as well as the following exhibits:

| | |
|---|---|
| Exhibit A | Verified Complaint |
| Exhibit B | Affidavits of Keith Lewis, Rev. Jerry Wilson, John D. Hart, Eli Ferguson, Doug Falvey, Alisha McGehee, Blake Pickering, and Daniel Calcote. |
| Exhibit C | Contract |
| Exhibit D | Correspondence to ADSI of November 30, 2023 |
| Exhibit E | Affidavit of Counsel |

## Argument and Authorities

As ADSI is the drafter of the contract in question, any ambiguities in its terms should be construed in favor of the County in accordance with the principles of the doctrine of contra proferentem. *P. 8, Exhibit A*

Mississippi substantive law permits oral modification of written contracts, even if the original document provides that all modifications must be made in writing. *Eastline Corp. v. Marion Apartments, Ltd.*, 524 So.2d 582, 584 (Miss. 1988); *City of Mound Bayou v. Roy Collins Constr.*, 499 So.2d 1354 (Miss. 1986).

In directing the supervisors of Lincoln County to communicate defects in service through Jimmy Moore, Charles Lungren, and Joe Honea via telephone and email, ADSI waived its right to written notice by registered mail. An oral modification to a written contract may be enforceable when it operates as a waiver. *Miss. Code Ann. § 75-2-209*.

Mississippi has long held that verbal modifications to written contracts are permissible under certain circumstances. "It is undoubtedly true that the parties to a contract may modify it, or waive their right under it, and engraft new terms upon it, and in such case the promise of one party will be sufficient consideration for the promise of another. *Leggett v. Vinson*, 155 Miss. 411, 422, 124 So. 472, 475 (1929).

In the case now before the Court, the parties recognized that it was impractical and indeed impossible to allow household waste to lay uncollected for the more than the fifteen (15) days required under the original notice requirements of the contract. They therefore arrived at a workable procedure for reporting and addressing failures in service.

The County will show that between March 4, 2024 and September 30, 2024, its supervisors and other officials gave repeated notifications to ADSI that the household garbage of its residents was not being collected, relying upon the procedure established by Mr. Uruttia. The *Eastline* court emphasized oral modifications to contracts are valid modifications if the parties conduct and reliance upon that oral modification manifests a waiver. *Eastline Corp. v. Marion Apartments, Ltd*., 524 So. 2d 582 (Miss. 1988).

Further, whether the County's correspondence to ADSI constitutes timely notification of a breach of contract is a question of material fact. The November 30, 202, letter to Mr. Uruttia put ADSI on notice of a "significant increase in complaints from residents" and complains of the "steady deterioration in the level of service" provided by the defendant with "no appreciable improvement." *Ex. D*.

### Discovery should be Permitted

The County will show that depositions of Richard Urrutia, Jimmy Moore, Charles Lungren, and Joe Honea are necessary to establish that ADSI did in fact modify the reporting provisions of

6

the contract and that the Court should therefore defer consideration of the instant motion for summary judgment pursuant to the provisions of Rule 56(d) of the Federal Rules of Civil Procedure. Please refer to the affidavit of counsel attached hereto as Exhibit "*E*" and incorporated herein by reference.

### Conclusion

Inasmuch as there are genuine issues of material fact in dispute in this action, the plaintiff asks the court to deny Defendant ADSI's Motion for Summary Judgment. Alternatively, the plaintiff suggests that the Court should defer consideration of the defense motion until discovery may be had in this matter.

THIS, the 4th day of August, 2025.

                                Respectfully submitted,

                                **LINCOLN COUNTY, MISSISSIPPI, PLAINTIFF**

BY:   /s/ F. Gregory Malta
           F. GREGORY MALTA (MSB #9743)
           P. O. Box 912
           Brookhaven, MS 39602
           Telephone: (601) 990-2999
           Email: gregmalta@gmaltalaw.com

           OF COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that I have this day electronically filed a true and correct copy of the foregoing *Memorandum of Authorities in Support of Response in Opposition to Defendant's Motion for Summary Judgment*, thereby providing notice to the following counsel of record:

>L. Kyle Williams, Esq.
>M. Patrick McDowell, Esq.
>BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
>Post Office Drawer 119
>Jackson, MS 39205
>kwilliams@brunini.com
>pmcdowell@brunini.com

**OF COUNSEL FOR ARROW DISPOSAL SERVICE, INC.**

THIS, the 4th day of August, 2025.

>_/s/ F. Gregory Malta_
>F. GREGORY MALTA, ESQ.